# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# BEAUFORT DIVISION

| | |
|---|---|
| Rita Greer, as Personal Representative of the Estate of Jesse Len Greer,<br><br>Plaintiff,<br><br>vs.<br><br>County of Beaufort, Beaufort County Detention Center, Sheriff P. J. Tanner, Director Philip Foot, South Carolina Department of Corrections, Darrell Sterling, Derrick Walker, Shawn Harley, Ronald Johnson, Chanelle Benson, Janice Shelton, Sergeant William Harris, Joseph Gillins, and John Doe,<br><br>Defendants. | C.A. No<br><br><br><br><br><br><br>**COMPLAINT**<br>**Wrongful Death, Survivorship**<br>**and Violation of Civil Rights**<br>**42 USC 1983,** *et seq.*<br><br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff, Rita Greer as Personal Representative of the Estate of Jesse Len Greer, by and through her attorneys of record, complaining of the above-named Defendants, would respectfully show unto the Court the following:

## JURISDICTION

1.  This action is an action for money damages brought pursuant to 42 U.S.C.A. §§1983, *et seq*., and the Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of South Carolina, against the defendants

2.      Subject matter jurisdiction is conferred upon the Court by 28 U.S.C.A. §§1331, 1367 (a), (b), (c), (d), and 1343, and 28 U.S.C.A. §§2201 and 2202.

## PARTIES

3.      Plaintiff is the duly appointed Personal Representative of the Estate of Jesse Len Greer, deceased, (hereinafter "Greer"), and is a citizen and resident of the County of Hampton, State of South Carolina as shown in probate file #2009ES250009.

4.      Defendant County of Beaufort is a political subdivision of the State of South Carolina.

5.      Defendant Beaufort County (hereinafter "Defendant County") is a political subdivision as defined by S.C. Code § 15-78-30, and at all times relevant hereto, organized, maintained, supervised, staffed and controlled the Beaufort County Detention Center (hereinafter "Detention Center") in Beaufort County, South Carolina.

6.      Defendant County is subject to liability for the death of Jesse Len Greer proximately caused by the negligent conduct of its agent the Beaufort County Detention Center and its employees operating within the scope of their assigned and compensated duties.

7.      For purposes of this action, the term "defendant county" shall include all agents and employees of the County of Beaufort and its agency, the Beaufort County Detention Center, acting within the scope of their official assigned and compensated duties.

8.      Defendant South Carolina Department of Corrections (hereinafter "Department of Corrections") is a governmental agency existing under the laws of the State of South Carolina and has facilities located throughout the State of South Carolina, more particularly in Beaufort County, South Carolina, with its headquarters located at 4444 Broad River Road, Columbia, S.C. At all times hereinafter mentioned in this lawsuit Defendant Department of Corrections acted

and carried on its business by and through its agents, servants, and/or employees at its various locations. Additionally, these agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties.

9.     Defendant P.J. Tanner (hereinafter "Tanner") was the Sheriff of Beaufort County at the time of the incident giving rise to the action herein.

10.     Defendant Philip Foot (hereinafter "Foot") was the Beaufort County Detention Center Director at the time of the incident giving rise to the action herein and is responsible for organizing, maintaining, supervising, staffing and controlling the facility known as the Beaufort County Detention Center in Beaufort County, South Carolina.

11.     Defendant William Harris (hereinafter "Harris") was an agent and employee of the Detention Center at the time of the incident giving rise to the action herein.

12.     Defendant Darrell Sterling (hereinafter "Sterling") was an agent and employee of the Detention Center at the time of the incident giving rise to the action herein.

13.     Defendant Derrick Walker (hereinafter "Walker") was an agent and employee of the Detention Center at the time of the incident giving rise to the action herein.

14.     Defendant Shawn Harley (hereinafter "Harley") was an agent and employee of the Detention Center at the time of the incident giving rise to the action herein.

15.     Defendant Ronald Johnson (hereinafter "Johnson") was an agent and employee of the Detention Center at the time of the incident giving rise to the action herein.

16.     Defendant Chanelle Benson (hereinafter "Benson") was an agent and employee of the Detention Center at the time of the incident giving rise to the action herein.

17.     Defendant Janice Shelton (hereinafter "Shelton") was an agent and employee of the Detention Center at the time of the incident giving rise to the action herein.

18.  Defendant Joseph Gillins (hereinafter "Gillins") was an agent and employee of the Detention Center at the time of the incident giving rise to the action herein.

19.  Defendant John Doe (hereinafter "Doe") represents other agents and employees of the Detention Center whose identities are not yet known but will become known during the course of discovery and who were agents and employees of the Detention Center at the time of the incident giving rise to the action herein.

## FACTUAL BACKGROUND

20.  At the time of his death on January 1, 2008, Jesse Len Greer was forty-six (46) years of age having been born June 22, 1961.

21.  This lawsuit is brought on behalf of the wife and four (4) children of the decedent.

22.  On or about December 27, 2007, Jesse Len Greer was arrested for Malicious Injury to Personal Property and Resisting Arrest in Beaufort County, South Carolina.

23.  On or about December 27, 2007, Jesse Len Greer was taken to Beaufort Memorial Hospital by the Beaufort County Sheriff's Office and treated and released to the custody of the Beaufort County Detention Center.

24.  On or about December 31, 2007, Plaintiff's decedent was restrained by Beaufort County Detention Center officers and placed in a restraint chair.

25.  On or about December 31, 2007, Plaintiff's decedent was transported to the Beaufort County Memorial Hospital and was later pronounced dead on January 1, 2008.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of Federal Civil Rights 42 U.S.C. 1983 –**
**failure to provide medical care/cruel and unusual punishment -**

4

**Eighth Amendment)**
**(Wrongful Death and Survival)**

26.     Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully restated herein verbatim.

27.     Defendants' employees were acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein as detention officers, sheriff's deputies or other such personnel and/or employees and had certain duties imposed upon them with regard to Jesse Len Greer.

28.     Defendants' actions were consciously indifferent and deliberately indifferent to the decedent and Plaintiff on or around December 31, 2007 in the following particulars:

   (a)     In failing to create and/or implement adequate policies and procedures with regard to controlling inmates at the Detention Center;

   (b)     In failing to adequately and properly train the correctional officers with regard to measures to restrain inmates;

   (c)     In failing to provide adequate and proper medical care for Greer after receiving notice of the asphyxia;

   (d)     In acting with deliberate indifference to Greer's serious medical needs following the asphyxia upon him;

   (e)     In failing to complete a mental status examination on Plaintiff's decedent;

   (f)     In failing to act as a reasonable, prudent person under the same or similar circumstances; and

   (g)     In failing to use due care for the safety of Jesse Len Greer when said acts and conduct are in violation of South Carolina statutory and case law.

**AS TO DEFENDANT, SOUTH CAROLINA**
**DEPARTMENT OF CORRECTIONS**

   (h)     In failing to properly inspect the Beaufort County Detention Center;

   (i)     In failing to draft and/or institute proper policy and procedure necessary to ensure that inmates within the Local Detention centers in the State of

5

South Carolina are provided basic needs including appropriate housing, adequate medical care and protection from abuse;

(j) In failing to properly follow up on its yearly inspections to ensure that the Local Detention Centers within South Carolina (including Beaufort County Detention Center) are following the mandates of the Minimum Standards for Local Detention Centers in South Carolina; and

(k) In failing to properly follow up on its yearly inspections to ensure that any violations of the Minimum Standards for Local Detention Centers have and that proper fines and penalties have been enforced.

29. As a direct and proximate result of Defendants' acts of willful, malicious, conscious and deliberate indifference, jointly, severally and in combination thereof, the decedent suffered deprivations of his rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

30. As a result, the decedent suffered conscious pain, suffering, indignity, and loss of his aforementioned federal rights. Plaintiff has suffered the loss of the life of the decedent, loss of his love and support, mental anguish, emotional distress, incurred funeral expenses, attorney fees, and undue grief, and will likely suffer from the effects of Defendants' actions now and in the future, and Plaintiff demands ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES from Defendants.

**FOR A SECOND CAUSE OF ACTION**
**(Violation of Federal Civil Rights 42 U.S.C. 1983 –**
**Violation of due Process – 14th Amendment)**

31. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully restated herein verbatim.

32. Defendant officers, agents, and/or employees, individually, were acting under the color or pretense of South Carolina law, customs, practices, usage or policy at all times

6

mentioned herein as detention officers or other such personnel or employees and had certain duties imposed upon them with regard to Jesse Len Greer.

33. Defendants were grossly negligent, reckless, wanton, consciously indifferent and deliberately indifferent to the decedent and acting in an egregious and arbitrary conduct on or around December 31, 2007, in the following particulars:

(a) In failing to create and/or implement adequate policies and procedures with regard to controlling inmates at the Detention Center;

(b) In failing to adequately and properly train the correctional officers with regard to measures to restrain inmates;

(c) In failing to provide adequate and proper medical care for Greer after receiving notice of the asphyxia;

(d) In acting with deliberate indifference to Greer's serious medical needs following the asphyxia upon him;

(e) In failing to complete a mental status examination on Plaintiff's decedent;

(f) In failing to act as a reasonable, prudent person under the same or similar circumstances; and

(g) In failing to use due care for the safety of Jesse Len Greer when said acts and conduct are in violation of South Carolina statutory and case law.

**AS TO DEFENDANT, SOUTH CAROLINA DEPARTMENT OF CORRECTIONS**

(h) In failing to properly inspect the Beaufort County Detention Center;

(i) In failing to draft and/or institute proper policy and procedure necessary to ensure that inmates within the Local Detention centers in the State of South Carolina are provided basic needs including appropriate housing, adequate medical care and protection from abuse;

(j) In failing to properly follow up on its yearly inspections to ensure that the Local Detention Centers within South Carolina (including Beaufort County Detention Center) are following the mandates of the Minimum Standards for Local Detention Centers in South Carolina; and

    (k)    In failing to properly follow up on its yearly inspections to ensure that any violations of the Minimum Standards for Local Detention Centers have and that proper fines and penalties have been enforced.

34. As a direct and proximate result of Defendants' grossly negligent, willful, malicious and wanton acts, omissions, recklessness, conscious and deliberate indifference and Defendants' egregious and arbitrary conduct, the decedent suffered deprivations of his rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the <u>United States Constitution.</u>

35. As a result, the decedent suffered conscious pain, suffering, indignity, and loss of his aforementioned federal rights. Plaintiff, who has suffered the loss of the life of the decedent, loss of support, mental anguish, loss of quality of life, emotional distress, incurred funeral expenses, attorney fees, lost wages, and undue grief and will likely suffer from the effects of Defendants' actions now and in the future, demands damages from Defendants, jointly and severally.

**FOR A THIRD CAUSE OF ACTION**
**(Violation of Federal Civil 42 U.S.C. 1983 – Pattern and Practice**
**-14th Amendment)**

36. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully restated herein verbatim.

37. Defendant officers, agents, and/or employees, individually, were acting under the color or pretense of South Carolina law, customs, practices, usage or policy at all times mentioned herein as detention officers, sheriff's deputies, or other such personnel or employees and had certain duties imposed upon them in regards to Jesse Len Greer.

38. Defendants were grossly negligent, reckless, wanton, consciously indifferent and deliberately indifferent to the decedent and Plaintiff on or around December 31, 2007, in the following particulars:

(a) In failing to create and/or implement adequate policies and procedures with regard to controlling inmates at the Detention Center;

(b) In failing to adequately and properly train the correctional officers with regard to measures to restrain inmates;

(c) In failing to provide adequate and proper medical care for Greer after receiving notice of the asphyxia;

(d) In acting with deliberate indifference to Greer's serious medical needs following the asphyxia upon him;

(e) In failing to complete a mental status examination on Plaintiff's decedent;

(f) In failing to act as a reasonable, prudent person under the same or similar circumstances; and

(g) In failing to use due care for the safety of Jesse Len Greer when said acts and conduct are in violation of South Carolina statutory and case law.

### AS TO DEFENDANT, SOUTH CAROLINA DEPARTMENT OF CORRECTIONS

(h) In failing to properly inspect the Beaufort County Detention Center;

(i) In failing to draft and/or institute proper policy and procedure necessary to ensure that inmates within the Local Detention centers in the State of South Carolina are provided basic needs including appropriate housing, adequate medical care and protection from abuse;

(j) In failing to properly follow up on its yearly inspections to ensure that the Local Detention Centers within South (including Beaufort County Detention Center) are following the mandates of the Minimum Standards for Local Detention Centers in South Carolina; and

(k) In failing to properly follow up on its yearly inspections to ensure that any violations of the Minimum Standards for Local Detention Centers have and that proper fines and penalties have been enforced.

9

39.     As a direct and proximate result of Defendants' malicious, grossly negligent, willful, and wanton acts, omissions, recklessness, conscious indifference and deliberate indifference, jointly, severally and in combination thereof, the decedent suffered deprivations of his rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

40.     As a result, the decedent suffered conscious pain, suffering, indignity, physical assault and loss of his aforementioned federal rights. Plaintiff has suffered the loss of the life of the decedent, loss of support, mental anguish, loss of quality of life, emotional distress, incurred funeral expenses, attorney fees, lost wages, and undue grief, and will likely suffer from the effects of Defendants' actions now and in the future, and Plaintiff demands damages from Defendants, jointly and severally.

## FOR A FOURTH CAUSE OF ACTION
**(Violation Federal Civil Rights 42 U.S.C. 1983-Survivorship)**

41.     Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully restated herein verbatim.

42.     Defendants were grossly negligent, reckless, wanton, malicious, consciously indifferent and deliberately indifferent to the decedent, Jesse Len Greer, in one, more, or all in the following particulars:

(a)     In failing to create and/or implement adequate policies and procedures with regard to controlling inmates at the Detention Center;

(b)     In failing to adequately and properly train the correctional officers with regard to measures to restrain inmates;

(c)     In failing to provide adequate and proper medical care for Greer after receiving notice of the asphyxia;

(d) In acting with deliberate indifference to Greer's serious medical needs following the asphyxia upon him;

(e) In failing to complete a mental status examination on Plaintiff's decedent;

(f) In failing to act as a reasonable, prudent person under the same or similar circumstances; and

(g) In failing to use due care for the safety of Jesse Len Greer when said acts and conduct are in violation of South Carolina statutory and case law.

## AS TO DEFENDANT, SOUTH CAROLINA DEPARTMENT OF CORRECTIONS

(h) In failing to properly inspect the Beaufort County Detention Center;

(i) In failing to draft and/or institute proper policy and procedure necessary to ensure that inmates within the Local Detention centers in the State of South Carolina are provided basic needs including appropriate housing, adequate medical care and protection from abuse;

(j) In failing to properly follow up on its yearly inspections to ensure that the Local Detention Centers within South (including Beaufort County Detention Center) are following the mandates of the Minimum Standards for Local Detention Centers in South Carolina; and

(k) In failing to properly follow up on its yearly inspections to ensure that any violations of the Minimum Standards for Local Detention Centers have and that proper fines and penalties have been enforced.

43. The decedent suffered conscious pain, degradation, fear, anxiety, mental anguish, emotional trauma, bodily trauma and suffering prior to his death at the hands of Defendants by and through their individual and collective acts and omissions as set forth hereinabove.

44. Plaintiff is informed and believes that the Estate of Jesse Len Greer is entitled to actual damages against Defendants, pursuant to their Violation Federal Civil Rights 42 U.S.C. 1983-Survivorship.

## FOR A FIFTH CAUSE OF ACTION
### (Violation Federal Civil Rights 42 U.S.C. 1983 – Wrongful Death)

45.     Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully restated herein verbatim.

46.     Defendants were grossly negligent, malicious, reckless, wanton and consciously indifferent to the decedent, Jesse Len Greer, in one, more, or all of the following particulars:

(a)     In failing to create and/or implement adequate policies and procedures with regard to controlling inmates at the Detention Center;

(b)     In failing to adequately and properly train the correctional officers with regard to measures to restrain inmates;

(c)     In failing to provide adequate and proper medical care for Greer after receiving notice of the asphyxia;

(d)     In acting with deliberate indifference to Greer's serious medical needs following the asphyxia upon him;

(e)     In failing to complete a mental status examination on Plaintiff's decedent;

(f)     In failing to act as a reasonable, prudent person under the same or similar circumstances; and

(g)     In failing to use due care for the safety of Jesse Len Greer when said acts and conduct are in violation of South Carolina statutory and case law.

### AS TO DEFENDANT, SOUTH CAROLINA DEPARTMENT OF CORRECTIONS

(h)     In failing to properly inspect the Beaufort County Detention Center;

(i)     In failing to draft and/or institute proper policy and procedure necessary to ensure that inmates within the Local Detention centers in the State of South Carolina are provided basic needs including appropriate housing, adequate medical care and protection from abuse;

(j)     In failing to properly follow up on its yearly inspections to ensure that the Local Detention Centers within South (including Beaufort County Detention Center) are following the mandates of the Minimum Standards for Local Detention Centers in South Carolina; and

12

    (k)    In failing to properly follow up on its yearly inspections to ensure that any violations of the Minimum Standards for Local Detention Centers have and that proper fines and penalties have been enforced.

47. Defendants, jointly, severally and in combination thereof, wrongfully caused the death of Jess Len Greer as described by the acts and omissions described in detail hereinabove.

48. As a direct and proximate result of the negligent acts, omissions, willful and wanton conduct of Defendants, Plaintiff has been damaged and suffered as follows:

    (a)    Loss of financial, economic support and contribution of the deceased;

    (b)    Extreme mental shock and suffering;

    (c)    Extreme wounded feelings;

    (d)    Tremendous grief and sorrow:

    (e)    Loss of friendship and companionship; and

    (f)    Deprivation of the use and comfort of the deceased's society, knowledge, judgment and experience.

49. Plaintiff is informed and believes that the Estate of Jesse Len Greer is entitled to actual damages against Defendants, pursuant to their Violation Federal Civil Rights 42 U.S.C. 1983- Wrongful Death.

**WHEREFORE**, Plaintiff prays for judgment against Defendants both jointly and in combination thereof for **ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES**, costs and reasonable attorney fees. Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the <u>Constitution of the United States of America</u>.

              **HARRISON, WHITE, SMITH & COGGINS, P.C.**

    BY: _____**s/Thomas A. Killoren, Jr.**_____
            **Thomas A. Killoren, Jr.**
            **Federal Id. No.: 7721**
            Post Office Box 3547

        178 West Main Street
        Spartanburg, South Carolina 29304
        (864) 585-5100


**LAW OFFICES OF JIM BROWN, P.A.**

BY**:** _____**s/James Arthur Brown, Jr.**_____
        **James Arthur Brown, Jr.**
        **Federal Id. No.:7646**
        Post Office Box 592
        Beaufort, South Carolina 29901
        (843) 470-0003

        Attorneys for Plaintiff

Spartanburg, South Carolina

November 23, 2009